THE HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

11

12

13

14

15

16

| | |
|---|---|
| EILEEN GILLESPIE, individually and on behalf of all others similarly situated, | NO. 2:13-cv-00622-RSM |
| Plaintiff, | **AMENDED CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| TRAVELSCAPE LLC, EXPEDIA, INC., and EAN.COM LP, | |
| Defendants. | |

17

18    Plaintiff Eileen Gillespie brings this class action on behalf of herself and all others

19  similarly situated against Defendants Travelscape LLC, Expedia, Inc. and EAN.COM LP

20  (collectively, "Defendants") and states as follows:

21                    **I.  NATURE OF THE ACTION**

22    1.    Defendant Travelscape LLC ("Travelscape"), a subsidiary of Defendant

23  Expedia, Inc. and a corporate affiliate of Defendant EAN.COM LP, operates a business

24  throughout the United States offering consumers the opportunity to book and pay for hotel

25  reservations through its website, www.travelnow.com.

26    2.    Travelscape and/or its affiliated companies have agreements with hotels to

27  access reservations for hotel rooms at a discounted, wholesale rate ("Wholesale Rate") and then

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

offers these hotel rooms to consumers at a marked-up price ("Consumer Rate").  When a consumer reserves and pays for a room using Travelscape's website, Travelscape charges consumers the Consumer Rate for the hotel room, pays the hotel the Wholesale Rate, and keeps the difference.

3.      In addition to the rate it charges consumers for hotel reservations, Travelscape also charges consumers what it describes in its invoices as "Tax Recovery Charges and Service Fees."  This is a bundled charge and is not broken down to show the amount of the "Tax Recovery Charges" and the amount of the "Service Fees."

4.      Travelscape's form consumer invoice does not disclose the type of government-imposed taxes associated with each purchase, the amount of each applicable tax, and whether the tax is based on the Wholesale Rate or the Consumer Rate.  Nor does Travelscape's form consumer invoice disclose the amount of service fees it charges for each transaction.

5.      Travelscape's Website Terms, Conditions, and Notices ("Terms and Conditions") describe the "Tax Recovery Charges" as "represent[ing] the estimated taxes (e.g. sales and use, occupancy, room tax, excise tax, value added tax, etc.) that [Travelscape] pay[s] to the hotel supplier for taxes due on the hotel's rental for the room."  The Terms and Conditions also state that "[t]he actual tax amounts pa[id] by [Travelscape] to the hotel suppliers may vary from the tax recovery charge amounts, depending upon the rates, taxability, etc. in effect at the time of the actual use of the hotel by our customers."  In other words, Travelscape only provides an "estimate" of the actual taxes applicable to each consumer's transaction, does not disclose the taxes applicable to each transaction and does not disclose the room rate upon which the taxes are assessed.  And, because the "Tax Recovery Charges" are bundled with the "Service Fees," a consumer cannot even determine what "estimated" amount Travelscape may pay to the hotel provider.

6.      The Terms and Conditions describe the "Service Fees" Travelscape charges as "compensation in servicing [the consumer's] travel reservation" and explains that the "service fees vary based on the amount and type of hotel reservation."  Travelscape does not disclose

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

the criteria used to assess service fees on consumer transaction and the bundled "Tax Recovery Charges and Service Fees" charge does not permit consumers to determine the amount of the service fees.

7.      By combining the "Tax Recovery Charges" and "Service Fees," Travelscape has effectively concealed the nature, purpose and amount of each charge.  This uniform business practice allows Travelscape to collect excessive "Tax Recovery Charges and Service Fees" from consumers.

8.      As alleged below, Travelscape's uniform practice of not disclosing material information relating to its "Tax Recovery Charges" and "Service Fees," and its practice of combining the amounts of these two items into a bundled charge, is an unfair and/or deceptive business practice in violation of the Washington Consumer Protection Act, RCW Chapter 19.86.  This business practice also violates RCW Chapter 19.138, which governs business practices of persons and entities selling travel services to consumers.

9.      Travelscape has been, and continues to be, unjustly enriched as a result of its unlawful collection of monies in excess of the lawful amount of taxes applicable to consumers' payment for hotels and as a result of its receipt of monies for undisclosed "service fees." Defendants Expedia, Inc. and EAN.COM LP, as parent companies and/or "corporate affiliates" of Travelscape, have also been unjustly enriched by this common business practice.

## II.  PARTIES

10.     Plaintiff Eileen Gillespie ("Plaintiff") is a citizen of Illinois, residing in Park Ridge, Illinois.

11.     Defendant Travelscape LLC ("Travelscape") is a Nevada limited liability company with its headquarters in Las Vegas, Nevada.  According to the Washington State Secretary of State's records as of March 21, 2013, Defendant Expedia, Inc., a Washington corporation, is an owner/member of Travelscape.  Travelscape is licensed to do business in Washington, has an open account with the Washington State Department of Revenue, and conducts business in Washington.

AMENDED CLASS ACTION COMPLAINT - 3
Case No. 2:13-cv-00622-RSM

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

12.     Defendant Expedia, Inc. ("Expedia") is a Washington corporation with its headquarters in Bellevue, Washington.  Expedia is the parent company of Travelscape.  Since acquiring Travelscape in 2000, Expedia has exercised control over Travelscape, its wholly-owned subsidiary.  Expedia is licensed to do business in Washington, has an open account with the Washington State Department of Revenue, and conducts business in Washington.

13.     Defendant EAN.COM, LP ("EAN.COM") is a Delaware limited partnership. On information and belief, EAN.COM's headquarters are in Dallas, Texas and its partner in the limited partnership is HOTELS.COM GP LLC, a Texas limited liability company.  As set forth the Terms and Conditions, EAN.COM is a "corporate affiliate" of Travelscape.  EAN.COM is licensed to do business in Washington, has an open account with the Washington State Department of Revenue, and conducts business in Washington.

### III.  JURISDICTION AND VENUE

14.     This Court has original jurisdiction over these claims under the provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).  While it is anticipated that neither Plaintiff's nor any individual class member's claim exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of different states from Defendants.

15.     Personal jurisdiction over Expedia is proper because it is domiciled in Washington.  Personal jurisdiction over all Defendants is proper because they have purposefully availed themselves of the privilege of conducting business activities within the State of Washington.

16.     Venue in the Western District of Washington is proper under 28 U.S.C. § 1391(b)(2) because it is the district where a substantial part of the events or omissions giving rise to the claim occurred.

17.     As an additional basis for jurisdiction and venue, the Terms and Conditions contain a forum selection clause providing that courts in King County, Washington shall have exclusive jurisdiction and venue.

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

## IV.  APPLICABLE LAW

2      18.     Although this is a nationwide class action, the Terms and Conditions call for the

3 application of "the laws of the State of Washington."

4

## V.  FACTS

5      19.     Travelscape, a registered "seller of travel" in several states, including, among

6 others, Washington, California, Florida, Iowa and Nevada, purports to offer "Top Deals" on

7 hotel reservations at hotels in the United States and around the world.  Consumers can search

8 for, book, and pay for hotel rooms using Travelscape's website, www.travelnow.com.

9      20.     With its affiliated companies, including, but not limited to, Expedia, Travelscape

10 has agreements with hotels to provide consumers with access to hotel rooms at a discounted

11 rate ("Wholesale Rate").  The Wholesale Rate is different from the rate offered to consumers

12 ("Consumer Rate") when they search for a hotel room on Travelscape's website.

13      21.     Once a consumer picks a hotel where he or she wishes to make a reservation, he

14 or she is given a choice of the type of room (e.g. standard, deluxe, etc.) and a nightly price is

15 listed for each option.  At the bottom of the webpage containing this information, in small print,

16 is the statement that "[a]ll displayed prices exclude Tax Recovery Charges and Service Fees."

17      22.     After the consumer has selected the type of hotel room, at the hotel of his or her

18 choice, and clicks to "book" the reservation, the consumer enters his or her contact and

19 payment information.  To complete the transaction, the consumer must agree to Travelscape's

20 Terms and Conditions.  He or she is then emailed an invoice confirming the transaction.

21      23.     The invoice breaks down the consumer's total payment into two charges: the

22 "Rates per Room" and "Tax Recovery Charges and Service Fees."  The latter charge is not

23 itemized to show the amount consumer must pay for "Tax Recovery Charges" and the

24 amount he or she must pay for "Service Fees."

25      24.     The invoice does not disclose the type of taxes charged, the amount of each

26 applicable tax, and whether the tax or taxes are being assessed on the Wholesale Rate or the

27

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Consumer Rate.  Nor does it disclose the amount of service fees charged for the transaction or how these service fees are calculated.

25.     The Terms and Conditions do not include such disclosures, either.  Rather, the Terms and Conditions explain that the "Tax Recovery Charges" represent "estimated" taxes Travelscape will remit to the hotel, listing several types of taxes that may apply to each transaction.  The Terms and Conditions do not disclose what rate Travelscape uses to calculated the "estimated," unspecified taxes.

26.     The Terms and Conditions do not disclose any information about Travelscape's "Service Fees" except that these fees are "compensation" Travelscape charges for "servicing [the consumer's] travel reservation."  There is no disclosure of how the "Service Fees" are calculated, and, because the "Tax Recovery Charges" and "Service Fees" are bundled, the total amount of "Service Fees" charged is not disclosed.

27.     On August 14, 2012, Plaintiff Eileen Gillespie booked a reservation from Travelscape for a hotel room for the Marriott – Philadelphia Airport for the night of August 20, 2012.

28.     Travelscape charged Plaintiff $354.08, itemized as follows: $299.00 for the "Rates per Room" and a bundled charge of $55.08 for "Tax Recovery Charges and Service Fees."

29.     At no point in the transaction did Travelscape disclose to Plaintiff the amount charged for "Tax Recovery Charges," how that amount was calculated, what taxes were included in the calculation and the rate upon which the taxes were assessed.

30.     At no point in the transaction did Travelscape disclose to Plaintiff how the "Service Fees" were calculated or the amount of such fees.

31.     Travelscape did not disclose to Plaintiff that it retained part of the $55.08 in "Tax Recovery Charges and Service Fees" as profit above the actual costs of services and taxes.

AMENDED CLASS ACTION COMPLAINT - 6
Case No. 2:13-cv-00622-RSM

# VI.  CLASS ACTION ALLEGATIONS

## Rule 23(a) Requirements

32.    <u>Scope</u>.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action individually and on behalf of all others similarly situated.  Plaintiff will seek certification of the following class:

> All persons and entities in the United States who were assessed a bundled charge for "Tax Recovery Charges and Service Fees" when reserving and paying for a hotel room through Travelscape LLC, at any time in the period that begins four years from the date of this complaint to trial.
>
> Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

33.    <u>Ascertainability</u>.  The definition of the Class is clear, and members of the Class are easily identifiable on the basis of objective information.  On information and belief, in the usual course of business, Travelscape maintains information regarding all persons and/or entities who have made hotel reservations through Travelscape, including information relating to such persons and/or entities' payment for such services.  Class members can be notified of the pendency of the class action through direct mailings to address lists maintained in the usual course of business by Travelscape, through email, which is the primary means of communication utilized by Travelscape, and, if necessary, by publication.

34.    <u>Numerosity</u>.  Although the number of Class members is not presently known, it is likely to be comprised of hundreds of thousands of consumers throughout the United States. The Class is so numerous that joinder of all members of the Class is impracticable.  :

35.    <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1           a.      Whether Travelscape fails to disclose the amount and type of

2 government-imposed taxes associated with hotel reservations booked through its website;

3           b.      Whether Travelscape fails to disclose the amount of service fees it

4 charges for hotel reservations booked through its website and how such fees are calculated;

5           c.      Whether Travelscape's failure to disclose the amount and type of

6 government-imposed taxes associated with hotel reservations booked through its website is a

7 deceptive business act or practice in violation of the Washington Consumer Protection Act,

8 RCW 19.86 *et seq.*;

9           d.      Whether Travelscape's failure to disclose the amount and type of

10 government-imposed taxes associated with hotel reservations booked through its website is an

11 unfair business act or practice in violation of the Washington Consumer Protection Act, RCW

12 19.86 *et seq.*;

13           e.      Whether Travelscape's failure to disclose the amount and type of

14 government-imposed taxes associated with hotel reservations booked through its website

15 violates RCW 19.138.040;

16           f.      Whether Travelscape's failure to disclose the amount of service fees it

17 charges for hotel reservations booked through its website and how such fees are calculated is a

18 deceptive business act or practice in violation of the Washington Consumer Protection Act,

19 RCW 19.86 *et seq.*;

20           g.      Whether Travelscape's failure to disclose the amount of service fees it

21 charges for hotel reservations booked through its website and how such fees are calculated is an

22 unfair business act or practice in violation of the Washington Consumer Protection Act, RCW

23 19.86 *et seq.*;

24           h.      Whether Travelscape's failure to disclose the amount of service fees it

25 charges for hotel reservations booked through its website and how such fees are calculated

26 violates RCW 19.138.040;

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1            i.       Whether Travelscape's practice of combining the "Tax Recovery

2     Charges" and the "Service Fees" into a bundled charge without disclosing which portion is

3     attributable to taxes and which portion is attributable to service fees is a deceptive business act

4     or practice in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*;

5            j.       Whether Travelscape's practice of combining the "Tax Recovery

6     Charges" and the "Service Fees" into a bundled charge without disclosing which portion is

7     attributable to taxes and which portion is attributable to service fees is an unfair business act or

8     practice in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*;

9            k.       Whether Travelscape's practice of combining the "Tax Recovery

10    Charges" and the "Service Fees" into a bundled charge without disclosing which portion is

11    attributable to taxes and which portion is attributable to service fees violates RCW 19.138.040;

12           l.       Whether Travelscape and the other Defendants have been unjustly

13    enriched by Travelscape's collection of monies in excess of the lawful amount of taxes

14    applicable to consumers' payment for hotels;

15           m.       Whether Travelscape and the other Defendants have been unjustly

16    enriched by their receipt of compensation for unspecified "service fees";

17           n.       Whether the Class is entitled to disgorgement of all benefits received by

18    Travelscape and the other Defendants from the unlawful conduct alleged herein;

19           o.       Whether Plaintiff and Class members are entitled to declaratory,

20    injunctive and/or equitable relief; and

21           p.       Whether Plaintiff and Class members are entitled to damages, including

22    actual and exemplary damages as permitted by statute plus interest thereon, and/or monetary

23    restitution, and the proper measure of such damages and/or monetary restitution.

24           36.    <u>Adequacy of Representation</u>.  Plaintiff will fairly and adequately protect the

25    interests of the members of the Class. Plaintiff has retained highly competent and experienced

26    class action attorneys, with extensive experience in consumer class actions, to represent her

27    interests and that of the Class.  Plaintiff and her counsel have the necessary financial resources

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  to adequately and vigorously litigate this class action. Plaintiff has no adverse or antagonistic

2  interests to those of the Class.  Plaintiff is willing and prepared to serve the Court and the Class

3  members in a representative capacity, with all of the obligations and duties material thereto,

4  and is determined to diligently discharge those duties by vigorously seeking the maximum

5  possible recovery for Class members.

6       37.    Typicality. Plaintiff's claims are typical of the claims of the members of the

7  Class because she reserved and paid for a hotel room through Travelscape and was charged a

8  bundled amount for "Tax Recovery Charge and Service Fees."  Thus, Plaintiff and Class

9  members sustained the same injury arising out of Travelscape's common course of conduct in

10 violation of law as complained of herein. The injury of each class member was caused directly

11 by Travelscape's wrongful conduct in violation of law as alleged herein.

12                          **Rule 23(b)(3) Requirements**

13      38.    This action is appropriate as a class action pursuant to Rule 23(b)(3) of the

14 Federal Rules of Civil Procedure.

15      39.    Predominance.  The common questions of law and fact alleged in Paragraph 35

16 above predominate over the questions affecting only individual Class members. Travelscape

17 has engaged in a common course of conduct toward Plaintiff and members of the Class.  The

18 common issues arising from this conduct that affect Plaintiff and members of the Class

19 predominate over any individual issues.  Adjudication of these common issues in a single

20 action has important and desirable advantages of judicial economy.

21      40.    Superiority.  A class action is superior to other available methods for the fair and

22 efficient adjudication of the controversy, and will create a substantial benefit to both the public

23 and the courts in that:

24           a.    Costs of prosecuting the action individually will vastly exceed the costs

25 for prosecuting the case as a class action;

26           b.    Class certification will obviate the necessity of a multiplicity of claims;

27

AMENDED CLASS ACTION COMPLAINT - 10
Case No. 2:13-cv-00622-RSM

1          c.      It is desirable to concentrate the litigation of these claims in a single

2  forum;

3          d.      Unification of common questions of fact and law into a single

4  proceeding before this Court will reduce the likelihood of inconsistent rulings, opinions, and

5  decisions.

6          e.      A class action is a superior means of fairly and efficiently resolving this

7  dispute. Given the complexity of the issues presented here, individual claims are not

8  sufficiently sizeable to attract the interest of highly able and dedicated attorneys who will

9  prosecute them on a contingency basis.  A class action is therefore essential to prevent a failure

10  of justice.

11      41.     Plaintiff is unaware of any difficulties that are likely to be encountered in the

12  management of this Class Action Complaint that would preclude its maintenance as a class

13  action.

14                **Rule 23(b)(2) Requirements**

15      42.     This action is also appropriate as a class action pursuant to Rule 23(b)(2) of the

16  Federal Rules of Civil Procedure.

17      43.     Plaintiff also seeks injunctive and corresponding declaratory relief for the entire

18  Class.  Travelscape acted in a manner generally applicable to the entire Class, as alleged herein.

19      44.     Travelscape's wrongful conduct and practices, if not enjoined, will subject Class

20  members and other members of the public to substantial continuing harm and will cause

21  irreparable injuries to Class members who as alleged herein.

22             **VII.  FIRST CLAIM FOR RELIEF**

23  **(Violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* – Non-Per Se**

24  **Deceptive Business Practices- Against Defendant Travelscape)**

25      45.     Plaintiff realleges and incorporates by reference the allegations set forth in each

26  of the preceding paragraphs of this Amended Complaint.

27

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

46.     Travelscape is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

47.     Plaintiff and other Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

48.     Travelscape engaged in deceptive acts or practices by failing to disclose the amount and type of government-imposed taxes associated with hotel reservations booked through its website and the amount of service fees it charges for hotel reservations and how such fees are calculated.

49.     Travelscape engaged in deceptive acts or practices by combining "Tax Recovery Charges" and "Service Fees" into a bundled charge without disclosing which portion is attributable to taxes and which portion is attributable to service fees.

50.     Travelscape's deceptive acts or practices have occurred in its trade or business and were and are capable of deceiving a substantial portion of the public.  As such, Travelscape's general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

51.     The facts concealed from Plaintiff and the Class are material in that a reasonable consumer considered the amount and type of taxes to be imposed on his or her purchase and the amount of service fees charged on his or her transaction and how such fees are calculated to be important in deciding whether to book a hotel through Travelscape.

52.     As a direct and proximate result of Travelscape's deceptive acts or practices, Plaintiff and Class members suffered injury in fact and lost money.

53.     Plaintiff and the Class are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

54.     Plaintiff and the Class are also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, for the benefit of the Class members, of all or part of the ill-gotten profits Travelscape received from the sale of hotel rooms.

## VIII.  SECOND CLAIM FOR RELIEF

**(Violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* – Non-Per Se Unfair Business Practices- Against Defendant Travelscape)**

55.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Amended Complaint.

56.     Travelscape is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

57.     Plaintiff and other Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

58.     Travelscape engaged in unfair acts or practices by failing to disclose the amount and type of government-imposed taxes associated with hotel reservations booked through its website and the amount of service fees it charges for hotel reservations booked through its website and how such fees are calculated.

59.     Travelscape's failure to disclose the amount and type of government-imposed taxes associated with hotel reservations booked through its website and the amount of service fees it charges for hotel reservations booked through its website and how such fees are calculated is unfair because these acts or practices offend public policy as it has been established by statutes, regulations, the common law or otherwise, including, but not limited to, the public policy established by RCW 19.138 *et seq.*

60.     Travelscape's failure to disclose the amount and type of government-imposed taxes associated with hotel reservations booked through its website and the amount of service fees it charges for hotel reservations booked through its website and how such fees are calculated is unfair because this act or practice (1) causes substantial financial injury to Plaintiff

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   and Class members; (2) is not outweighed by any countervailing benefits to consumers or

2   competitors; and (3) is not reasonably avoidable by consumers.

3        61.    Travelscape's failure to disclose the amount and type of government-imposed

4   taxes associated with hotel reservations booked through its website and the amount of service

5   fees it charges for hotel reservations and how such fees are calculated booked through its

6   website is unfair because this act or practice is immoral, unethical, oppressive and/or

7   unscrupulous.

8        62.    Travelscape engaged in unfair acts or practices by combining "Tax Recovery

9   Charges" and "Service Fees" into a bundled charge without disclosing which portion is

10  attributable to taxes and which portion is attributable to service fees.

11       63.    Travelscape's uniform practice of combining "Tax Recovery Charges" and

12  "Service Fees" into a bundled charge without disclosing which portion is attributable to taxes

13  and which portion is attributable to service fees is unfair because these acts or practices offend

14  public policy as it has been established by statutes, regulations, the common law or otherwise,

15  including, but not limited to, the public policy established by RCW 19.138 *et seq.*

16       64.    Travelscape's uniform practice of combining "Tax Recovery Charges" and

17  "Service Fees" into a bundled charge without disclosing which portion is attributable to taxes

18  and which portion is attributable to service fees is unfair because this act or practice (1) causes

19  substantial financial injury to Plaintiff and Class members; (2) is not outweighed by any

20  countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by

21  consumers.

22       65.    Travelscape's uniform practice of combining "Tax Recovery Charges" and

23  "Service Fees" into a bundled charge without disclosing which portion is attributable to taxes

24  and which portion is attributable to service fees is unfair because this act or practice is immoral,

25  unethical, oppressive and/or unscrupulous.

26       66.    Travelscape's unfair acts or practices have occurred in its trade or business and

27  were and are capable of injuring a substantial portion of the public.  As such, Travelscape's

AMENDED CLASS ACTION COMPLAINT - 14
Case No. 2:13-cv-00622-RSM

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   general course of conduct as alleged herein is injurious to the public interest, and the acts

2   complained of herein are ongoing and/or have a substantial likelihood of being repeated.

3       67.     As a direct and proximate result of Travelscape's unfair acts or practices,

4   Plaintiff and Class members suffered injury in fact and lost money.

5       68.     Plaintiff and the Class are therefore entitled to an order enjoining the conduct

6   complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of

7   suit, including a reasonable attorney's fee; and such further relief as the Court may deem

8   proper.

9       69.     Plaintiff and the Class are also entitled to equitable relief as the Court deems

10  appropriate, including, but not limited to, disgorgement, for the benefit of the Class members,

11  of all or part of the ill-gotten profits Travelscape received from the sale of hotel rooms.

12  ## IX.  THIRD CLAIM FOR RELIEF

13  **(Violation of RCW 19.138 *et seq.* – Against Defendant Travelscape)**

14      70.     Plaintiff realleges and incorporates by reference the allegations set forth in each

15  of the preceding paragraphs of this Amended Complaint.

16      71.     Travelscape is a "seller of travel" within the meaning of RCW 19.138.021(6)

17  and it is registered as a "seller of travel" with the State of Washington.

18      72.     Travelscape "transacts business with Washington consumers" within the

19  meaning of RCW 19.138.021(9).

20      73.     Travelscape provides "travel services" within the meaning of RCW

21  19.138.021(7).

22      74.     RCW 19.138.040 requires a seller of travel, at or prior to the time of full or

23  partial payment for any travel services, to provide to the person making such payment a written

24  statement conspicuously setting forth certain information.  If payment is not made in person,

25  the seller of travel has three business days or receipt of processing of the payment to provide

26  this written statement.

27

AMENDED CLASS ACTION COMPLAINT - 15
Case No. 2:13-cv-00622-RSM

75.     The information a seller of travel must provide in writing to the consumer pursuant to RCW 19.138.040(2) includes the amount paid, the date of payment, the purpose of the payment made, and an itemized statement of the balance due, if any.

76.     Travelscape's failure to disclose the amount and type of government-imposed taxes associated with hotel reservations booked through its website violates RCW 19.138.040. The invoice consumers receive from Travelscape after booking hotel reservations does not provide information sufficient for a reasonable consumer to determine "the purpose of the payment made."

77.     Travelscape's failure to disclose the amount of service fees it charges for hotel reservations booked through its website and how such fees are calculated violates RCW 19.138.040. The confirmation statement consumers receive from Travelscape after booking hotel reservations does not provide information sufficient for a reasonable consumer to determine "the purpose of the payment made."

78.     Travelscape's practice of combining the "Tax Recovery Charges" and the "Service Fees" into a bundled charge without disclosing which portion is attributable to taxes and which portion is attributable to service fees violates RCW 19.138.040. The confirmation statement consumers receive from Travelscape after booking hotel reservations with the bundled charge does not provide information sufficient for a reasonable consumer to determine "the purpose of the payment made."

79.     As a direct and proximate result of Travelscape's violation of RCW 19.138.040(2), Plaintiff and Class members suffered injury in fact and lost money.

80.     Plaintiff and the Class are therefore entitled to recover their actual damages, including court costs and attorneys' fees, pursuant to RCW 19.138.280.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## X.  FOURTH CLAIM FOR RELIEF

**(Violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* –Per Se Unfair and/or Deceptive Business Practices Based on Violation of RCW 19.138 *et seq.* – Against Defendant Travelscape)**

81.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Amended Complaint.

82.    Pursuant to RCW 19.138.290, a violation of RCW Chapter 19.38 is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*

83.    As alleged above, Travelscape's business acts and/or practices violate RCW Chapter 19.38.

84.    As a result of Travelscape's conduct as alleged herein, Plaintiff and Class members have suffered injury in fact and lost money.

85.    Plaintiff and Class members are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court deems proper.

## XI.  FIFTH CLAIM FOR RELIEF

**(Unjust Enrichment – Against All Defendants)**

86.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Amended Complaint.

87.    To the detriment of Plaintiff and Class members, Travelscape has been, and continues to be, unjustly enriched as a result of its unlawful collection of monies in excess of the lawful amount of taxes applicable to consumers' payment for hotels.  Defendants Expedia and EAN.COM, as parent companies and/or "corporate affiliates" of Travelscape, have also been unjustly enriched by this common business practice.

88.    To the detriment of Plaintiff and Class members, Travelscape has been, and continues to be, unjustly enriched as a result of its receipt of compensation for unspecified

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  "service fees". Defendants Expedia and EAN.COM, as parent companies and/or "corporate

2  affiliates" of Travelscape, have also been unjustly enriched by this common business practice.

3       89.    As between the parties, it would be unjust for Defendants to retain the benefits

4  attained by their actions. Accordingly, Plaintiff and the Class seek a full accounting and

5  restitution of Defendants' enrichment, benefits, and ill-gotten gains acquired as a result of the

6  unlawful and/or wrongful conduct alleged herein.

7  **XII. PRAYER FOR RELIEF**

8       WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for

9  relief pursuant to each cause of action set forth in this complaint as follows:

10       A.    An order certifying the proposed Plaintiff Class, designating Plaintiff as a named

11  representative of the Class and designating the undersigned as Class Counsel;

12       B.    An award of equitable relief as follows: (i) enjoining Travelscape from

13  collecting payments from consumers in a manner that violates RCW 19.86 *et seq.* and/or RCW

14  19.138 *et seq.*, (ii) requiring Defendants to make full restitution of all monies wrongfully

15  obtained as a result of the conduct described in this complaint, (iii) requiring Defendants to

16  account for and disgorge all ill-gotten gains flowing from the conduct described in this

17  complaint, (iv) imposing a constructive trust on all monies wrongfully withheld, and (v)

18  requiring Travelscape to modify its agreements and practices to comport with RCW 19.86 *et*

19  *seq.*, RCW 19.138.040 and any and all applicable laws and regulations;

20       C.    An award to Plaintiff and the Class members of compensatory, exemplary and

21  statutory damages, including interest, in amounts to be proven at trial;

22       D.    An award of attorneys' fees and costs, as allowed by law, including but not

23  limited to attorneys' fees and costs pursuant to RCW 19.86.090, RCW 19.138.280, and under

24  the common fund doctrine;

25       E.    An award of pre-judgment and post-judgment interest, as provided by law;

26       F.    Leave to amend the Amended Complaint to conform to the evidence presented

27  at trial; and

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    G.      Such other or further relief as the Court deems just and proper.

2                         **XIII.  REQUEST FOR JURY TRIAL**

3    Plaintiff hereby demands a jury trial on all issues so triable.

4    RESPECTFULLY SUBMITTED AND DATED this 9th day of April, 2013.

5                                    TERRELL MARSHALL DAUDT & WILLIE PLLC

6

7                         By:  /s/ Beth E. Terrell, WSBA #26759
                              Beth E. Terrell, WSBA #26759
8                             Email:  bterrell@tmdwlaw.com
                              Kimberlee L. Gunning, WSBA #35366
9                             Email: kgunning@tmdwlaw.com
                              936 North 34th Street, Suite 400
10                            Seattle, Washington 98103-8869
                              Telephone: (206) 816-6603
11

12                            Christina Latta Henry, WSBA #31273
                              Email: chenry@HDM-legal.com
13                            Jacob D. DeGraaff, WSBA #36713
                              Email:  jacobd@hdm-legal.com
14                            HENRY DEGRAAFF & MCCORMICK, PS
                              1833 North 105th Street, Suite 200
15                            Seattle, Washington  98133-8973
                              Telephone: (206) 330-0595
16

17                            Christopher V. Langone
                              Email:  langonelaw@gmail.com
18                            LANGONE LAW FIRM
                              207 Texas Lane
19                            Ithaca, New York  14850
                              Telephone:  (607) 592-2661
20

21                            Mark T. Lavery
                              Email:  mark@laverylawfirm.com
22                            LAVERY LAW FIRM
                              733 Lee, Suite 202
23                            Des Plaines, Illinois  60016
                              Telephone:  (847) 813-7771
24

25                            *Attorneys for Plaintiff*

26

27

AMENDED CLASS ACTION COMPLAINT - 19
Case No. 2:13-cv-00622-RSM

CERTIFICATE OF SERVICE

1

2        I, Beth E. Terrell, hereby certify that on April 9, 2013, I electronically filed the

3   foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4   such filing to the following:

5            *None*

6   and I hereby certify that I have mailed by United States Postal Service the document to the by

7   United States Postal Service the document to the following non CM/ECF participants:

8

9            Christopher V. Langone
             Email: langonelaw@gmail.com
10           LANGONE LAW FIRM
             207 Texas Lane
11           Ithaca, New York  14850
             Telephone:  (607) 592-2661

12
             Mark T. Lavery
13           Email: mark@laverylawfirm.com
             LAVERY LAW FIRM
14           733 South Lee Street, Suite 150
             Des Plaines, Illinois  60016
15           Telephone:  (847) 813−7771

16
             Christina Latta Henry, WSBA #31273
17           Email: chenry@HDM-legal.com
             Jacob D. DeGraaff, WSBA #36713
18           Email:  jacobd@hdm-legal.com
             HENRY DEGRAAFF & MCCORMICK, PS
19           1833 North 105th Street, Suite 200
             Seattle, Washington  98133-8973
20           Telephone: (206) 330-0595

21
             *Attorneys for Plaintiff Eileen Gillespie*
22

23

24

25

26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

Brian Douglas Sieve
Email: bsieve@kirkland.com

2

Sarah Joy Donnell
Email:  sarah.donnell@kirkland.com

3

KIRKLAND & ELLIS LLP
300 North LaSalle Street

4

Chicago, Illinois  60654
Telephone:  (312) 862−2000

5

6

*Attorneys for Defendants Travelscape LLC, Expedia, Inc., and Hotels.com, LP*

7

DATED this 9th day of April, 2013.

8

TERRELL MARSHALL DAUDT & WILLIE PLLC

9

By:  /s/ Beth E. Terrell, WSBA #26759

10

Beth E. Terrell, WSBA #26759
Email: bterrell@tmdwlaw.com

11

936 North 34th Street, Suite 400
Seattle, Washington 98103-8869

12

Telephone: (206) 816-6603
Facsimile: (206) 350-3528

13

14

*Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27