1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EILEEN GILLESPIE, individually and on behalf
of all others similarly situated,

                                    Plaintiff,

        v.

TRAVELSCAPE LLC; EXPEDIA, INC.; and
EAN.COM LP,

                                    Defendants.

NO. 2:13-CV-00622 RSM

**DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES**

Defendants Travelscape LLC ("Travelscape"), Expedia, Inc. ("Expedia") and EAN.com

LP ("EAN") (Travelscape, Expedia and EAN collectively referred to as "Defendants"), respond

to the allegations in Plaintiff's Amended Class Action Complaint ("Complaint") as set forth

below.

## I.  NATURE OF THE ACTION

1.      Defendants admit that Travelscape is a subsidiary of Expedia, Inc.  Defendants

admit that EAN LP is a subsidiary of Expedia, Inc.  Defendants admit that Travelscape is an

entity through which charges are processed for bookings made on certain travel websites within

an affiliate network.  Except as so stated, Defendants deny the remaining allegations in

paragraph 1 of the Complaint.

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES (NO. 2:13-CV-00622 RSM) - 1

2.      Defendants admit that Travelscape has agreements with certain hotels, the terms of which speak for themselves.  Except as so stated, Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3.      Defendants admit that charges processed through Travelscape include tax recovery charges and service fees and other charges.  Defendants admit that certain travel reservation services describe tax recovery charges and service fees to consumers together for reservations for which charges are processed through Travelscape prior to when the consumer books the reservation.  Except as so stated, Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Defendants admit that the applicable terms of use speak for themselves. Defendants admit that certain travel reservation services describe tax recovery charges and service fees to consumers together for reservations for which charges are processed through Travelscape prior to when the consumer books the reservation.  Except as so stated, Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6.      Defendants admit that the applicable terms of use speak for themselves.  Except as so stated, Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      The allegations in paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

## II.  <u>PARTIES</u>

10.      Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 10, and therefore deny the same.

11.     Defendants admit that Travelscape is a Nevada limited liability company that is a subsidiary of Expedia, that Travelscape has offices in Las Vegas, Nevada, that Travelscape is licensed to do business in Washington, and that Travelscape has an open account with the Washington State Department of Revenue.  Except as so stated, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and therefore deny same.

12.     Defendants admit that Expedia is a Washington corporation that is the parent of Travelscape, that Expedia's principal place of business is in Bellevue, Washington, that Expedia is licensed to do business and does business in Washington, and that Expedia has an open account with the Washington State Department of Revenue.  Defendants admit that Travelscape is a wholly owned subsidiary of Expedia.  Except as so stated, the remaining allegations in paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack information upon which to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and therefore deny same.

13.     Defendants admit that EAN is a Delaware limited partnership, that EAN has offices in Dallas, Texas, that Hotels.com GP, LLC is a Texas limited liability company that is one of EAN's limited partners that owns a small interest in EAN, that EAN is licensed to do business in Washington, and that EAN has an open account with the Washington State Department of Revenue.  Defendants admit that EAN is owned by companies in which defendant Expedia owns, directly or indirectly, majority interests.  Except as so stated, the remaining allegations in paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack information upon which to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint, and therefore deny same.

### III.  JURISDICTION AND VENUE

14.     Defendants admit that no putative individual class member's claim exceeds $75,000.  Defendants admit that jurisdiction and venue are proper in King County, Washington.

Except as so stated, Defendants lack information upon which to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore deny same.

15.     Defendants admit that personal jurisdiction over all Defendants in Washington is proper.  Except as so stated, Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16.     Defendants admit that venue is proper in King County, Washington.  Except as so stated, Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

## IV.  APPLICABLE LAW

18.     Defendants admit that the applicable terms of use speak for themselves. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

## V.  FACTS

19.     Defendants admit that Travelscape is licensed as a seller of travel in Washington, California, Florida, Iowa and Nevada.  Except as so stated, Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.     Defendants admit that Travelscape has agreements with certain hotels, the terms of which speak for themselves.  Except as so stated, Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     Defendants admit that consumers can select a type of room, and that certain disclosures are provided to consumers in conjunction with reserving rooms through entities for which charges are processed through Travelscape.  Defendants deny that Plaintiff booked her reservation through a website.  Defendants deny all remaining allegations in paragraph 21 of the Complaint.

22.     Defendants admit that a consumer must agree to certain terms and conditions, and the consumer provides certain information in conjunction with reserving rooms through entities for which charges are processed through Travelscape.  Defendants deny that Plaintiff booked her

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES (NO. 2:13-CV-00622 RSM) - 4

reservation through a website.  Defendants deny all remaining allegations in paragraph 22 of the Complaint.

23.     Defendants admit that the information provided and confirmation sent to Plaintiff state what they state.  Except as so stated, Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants admit the applicable terms of use state what they state.  Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26.     Defendants admit the applicable terms of use state what they state.  Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.     Defendants admit that Plaintiff booked a reservation by phone with Hotels and Discounts.  Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28.     Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore deny the same.

29.     Defendants admit that the information provided and confirmation sent to Plaintiff state what they state.  Except as so stated, Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants admit that the information provided and confirmation sent to Plaintiff state what they state.  Except as so stated, Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants admit that the information provided and confirmation sent to Plaintiff state what they state.  Except as so stated, Defendants deny the allegations in paragraph 31 of the Complaint.

## VI.  CLASS ACTION ALLEGATIONS

32.     Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore deny same.

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES (NO. 2:13-CV-00622 RSM) - 5

33.     Defendants admit that information exists relating to the identity of persons who booked travel accommodations for which Travelscape processed the charges for the transaction. Defendants otherwise lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore deny same.

34.     Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore deny same.

35.     Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore deny same.

36.     Defendants deny that Plaintiff can adequately represent the interests of the putative class because she did not book her reservation online, among other reasons.  Except as so stated, Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore deny same.

37.     Defendants deny that Plaintiff's claims are typical in relation to the allegations in the Amended Class Action Complaint.  Defendants otherwise lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore deny same.

38.     The allegations of paragraph 38 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 38 of the Complaint.

39.     The allegations of paragraph 39 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 39 of the Complaint.

40.     The allegations of paragraph 40 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 40 of the Complaint.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

41.     Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and therefore deny same.

42.     The allegations of paragraph 42 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants admit that Plaintiff seeks injunctive and corresponding declaratory relief.  Except as so stated, Defendants deny the remaining allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

## VII.  <u>FIRST CLAIM FOR RELIEF</u>

45.     Defendants incorporate by reference their responses to the preceding paragraphs in response to paragraph 45 of the Complaint.

46.     Defendants admit that the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*, is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 46 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants admit that the Washington Consumer Protection Act, RCW 19.86.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 47 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and therefore deny same.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES (NO. 2:13-CV-00622 RSM) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

**VIII.  SECOND CLAIM FOR RELIEF**

55.     Defendants incorporate by reference their responses to the preceding paragraphs in response to paragraph 55 of the Complaint.

56.     Defendants admit that the Washington Consumer Protection Act, RCW 19.86.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 56 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants admit that the Washington Consumer Protection Act, RCW 19.86.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 57 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information upon which to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and therefore deny same.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## IX.  **THIRD CLAIM FOR RELIEF**

70.      Defendants incorporate by reference their responses to the preceding paragraphs in response to paragraph 70.

71.      Defendants admit that Travelscape is registered as a seller of travel in Washington.  Defendants admit that the Washington Seller of Travel Statute, RCW 19.138.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 71 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 71 of the Complaint.

72.      Defendants admit that the Washington Seller of Travel Statute, RCW 19.138.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 72 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 72 of the Complaint.

73.      Defendants admit that the Washington Seller of Travel Statute, RCW 19.138.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 73 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 73 of the Complaint.

74.      Defendants admit that the Washington Seller of Travel Statute, RCW 19.138.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 74 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 74 of the Complaint.

75.      Defendants admit that the Washington Seller of Travel Statute, RCW 19.138.010 *et seq.,* is a written statute, the terms of which speak for themselves.  The remaining allegations of paragraph 75 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 75 of the Complaint.

76.      Defendants deny the allegations in paragraph 76 of the Complaint.

77.      Defendants deny the allegations in paragraph 77 of the Complaint.

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES (NO. 2:13-CV-00622 RSM) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

## X.  FOURTH CLAIM FOR RELIEF

81.     Defendants incorporate by this reference their responses to the preceding paragraphs in response to paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint alleges certain legal conclusions which require no response.  Except as so stated, Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

## XI.  FIFTH CLAIM FOR RELIEF

86.     Defendants incorporate by reference their responses to the preceding paragraphs in response to paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

## XII.  PRAYER FOR RELIEF

90.     Defendants deny that Plaintiff is entitled to the relief set forth in her Prayer for Relief.

## XIII.  AFFIRMATIVE DEFENSES

Defendants set forth the following by way of affirmative defenses:

91.     The Complaint fails to state a claim or cause of action upon which relief can be granted.

92.     The alleged causes of action are barred by the Voluntary Payment Doctrine because Plaintiff, with knowledge of the facts, voluntarily paid the monies at issue.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

93.     The alleged causes of action may be barred, in whole or in part, by contractual limitations of liability and damages, and indemnification clauses.

94.     A contractual statute of limitations clause bars, in whole or in part, claims of certain members of the putative alleged class.

95.     The alleged causes of action seek damages which were caused by tortious conduct or statutory violations of nonparties, to be identified through discovery.

96.     A cause of action under the Washington Consumer Protection Act or the Washington Seller of Travel Statute may not be brought by a person who resides outside of the state of Washington.

97.     The Court should abstain from granting Plaintiff's request for injunctive relief as the question of whether to regulate the amount of service fees charged by Defendants and other online travel companies is primarily a legislative and not a judicial function that involves industry-wide economic policy that is ill-suited to determination by judicial review of, and ongoing court oversight through injunctive relief directed at, service fees charged by an online travel company.

98.     The causes of action and injunction and equitable remedies alleged in the Complaint are barred in light of the fact that the Plaintiff has an adequate remedy at law.

99.     Plaintiff has not suffered any irreparable injury and is therefore not entitled to injunctive relief.

100.    None of Defendants' actions, conduct, or business practices are actionable under the Washington Consumer Protection Act or Washington Seller of Travel Statute because they are reasonable in relation to the development of preservation of business and are not injurious to the public interest.

101.    Plaintiff's causes of action are barred as a matter of law insofar as she seeks refunds of tax charges allegedly over-assessed or withheld from the state of Washington or any other State.  Claims to secure a tax refund can be brought only against the state of Washington in

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES (NO. 2:13-CV-00622 RSM) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

Thurston County Superior Court, or against the appropriate government entity in the appropriate jurisdiction and venue, and claims to collect taxes owed can be brought only by the state of Washington or the appropriate state to which taxes are owed.

102.    Plaintiff is estopped from asserting her claims against Defendants.

### XIV.  PRAYER FOR RELIEF

WHEREFORE Defendants pray for relief as follows:

A.    That Plaintiff takes nothing by reason of her Complaint, and that judgment be rendered in favor of Defendants;

B.    That Defendants be awarded their costs and fees incurred in defense of this action; and

C.    For such other relief as the Court deems proper.

DATED this 3rd day of October, 2013.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By /s/ Keith D. Petrak
    Keith D. Petrak, WSBA #19159
By /s/ Joshua B. Selig
    Joshua B. Selig, WSBA #39628
    Byrnes Keller Cromwell LLP
    1000 Second Avenue, 38th Floor
    Seattle, WA  98104
    Telephone:  (206) 622-2000
    Facsimile:  (206) 622-2522
    bkeller@byrneskeller.com
    kpetrak@byrneskeller.com
    jselig@byrneskeller.com
    *Attorneys for Travelscape LLC, Expedia, Inc.*
    *And EAN.com LP*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney certifies that on the 3rd day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Joshua B. Selig
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
jselig@byrneskeller.com

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES (NO. 2:13-CV-00622 RSM) - 13