UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EILEEN GILLESPIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELSCAPE LLC; EXPEDIA INC.; and EAN.COM LP,<br><br>Defendants. | CASE NO. C13-0622 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss under Rule 12(h)(3). (Dkt. #65). Defendants argue that Plaintiff's complaint should be dismissed for lack of standing both individually and on behalf of any class, primarily because she was reimbursed for her alleged damages by her former employer. *Id.* Alternatively, Defendants argue that Plaintiff cannot prove injury as an essential element of her claims, and therefore this matter must be dismissed. *Id.* Plaintiff opposes the motion, arguing that the collateral source rule precludes Defendants from introducing evidence of the reimbursement. (Dkt. #69). Plaintiff further argues that there are questions of fact with respect to her damages

ORDER
PAGE - 1

which also preclude summary judgment in favor of Defendants. *Id.* For the reasons set forth below, the Court disagrees with Plaintiff, and GRANTS Defendants' motion.

## II.   BACKGROUND

This case arises out of Defendant Travelscape LLC's alleged unfair business practices, which Plaintiff asserts result in room rate overcharges and the imposition of unfair and deceptive tax recovery charges on hotel room consumers. Dkt. #21 at ¶¶ 7-8. Plaintiff alleges that Defendants' practices have violated Washington's Consumer Protection Act ("CPA"). *Id.* at ¶¶ 45-69 and 81-85. Plaintiff also alleges that Defendants' actions have resulted in a violation of the Washington Seller of Travel Act ("WSOT") and unjust enrichment. *Id.* at ¶¶ 70-80 and 86-89. She purports to bring all claims as an individual and on behalf of others similarly situated. *Id.* at ¶¶ 32-44. Her Amended Complaint seeks to certify a nationwide class consisting of all persons and entities in the United States who were charged a bundled Tax Recovery Charge and Service Fee when reserving and paying for a hotel room through Travelscape LLC. *Id.* at ¶ 32. Plaintiff seeks money damages and injunctive relief. *Id.* at ¶¶ B-E.

Defendants deny all of the claims and now seek to dismiss this suit for lack of subject matter jurisdiction. (Dkt. #65).

## III.   DISCUSSION

**A. Standard of Review**

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, this Court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th

ORDER
PAGE - 2

Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When analyzing a motion to dismiss brought pursuant to Rule 12(h)(3), as in the instant case, courts apply the same standards for a motion brought under Rule 12(b)(1). *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id*. "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 fn. 2 (9th Cir. 2003).

Defendants make a factual challenge in the instant motion. As further discussed below, the Court has considered all of the evidence presented in order to determine whether Plaintiff has met her burden of establishing the existence of a case or controversy.

### B. Article III Standing

To establish Article III standing, a plaintiff must show (1) a concrete injury that is actual or imminent and not hypothetical; (2) fairly traceable to the defendant's allegedly wrongful conduct; (3) that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992). To have standing to seek injunctive relief, a plaintiff must also show "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660 (1983). "A plaintiff must demonstrate standing for each claim" and "for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, 126 S. Ct. 1854 (2006).

Defendants challenge Plaintiff's standing in part by relying on evidence from Plaintiff's former employer indicating that Plaintiff was reimbursed for the money she paid to Defendants. Dkts. #66 and #67, *and exhibits thereto*. Plaintiff argues that this evidence should be stricken from the record based on Washington's "collateral source rule." Dkt. # 69 at 5-19. Defendants respond that the collateral source rule does not apply to this motion because the rule does not apply to determine Article III standing. Dkt. #73 at 4-5. The Court first turns to Plaintiff's argument that the collateral source rule precludes the Court's consideration of the evidence presented by Defendants, as the resolution to whether the collateral source rule applies will inform the Court's decision on the substantive arguments.

Under Washington's "collateral source rule," no party can introduce evidence that a plaintiff was compensated by some independent source such as worker's compensation, an insurance payout, or welfare benefits. *See Mazon v. Krafchick*, 158 Wn.2d 440, 452, 144 P.3d 1168 (2006). The collateral source rule ensures that the fact finder will not reduce the plaintiff's award because the plaintiff has received compensation from a third party. *Id.*; *Diaz v. State*, 175 Wn.2d 457, 465, 285 P.3d 873, 878 (2012).

ORDER
PAGE - 4

In this case, the Court agrees with Defendants, and finds that the collateral source rule is inapplicable where a plaintiff cannot plead that he or she has suffered the damages sought. At least two other federal district courts addressing this question have determined the same. *See Bechara v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 145646, *195 (S.D. Fla. Mar. 16, 2010); *see also Qst Envtl. V. Nat'l Union Fire Ins. Co.*, 2002 U.S. Dist. LEXIS 9937, *5 fn. 2 (D.N.H. 2002) ("The collateral source rule, relied on by ESE to avoid the standing issue, applies only to preserve an award of damages and does not affect a party's standing to litigate a claim." (citation omitted)).

Having determined that the collateral source rule does not apply at this juncture of the case, the Court now turns to Defendants' substantive allegations. Defendants have demonstrated that Plaintiff Gillespie submitted her hotel room expenses to her employer the day after returning from her August 20-21, 2012, hotel stay, and was reimbursed for the costs on August 31, 2012 – prior to the filing of this lawsuit on January 23, 2013. Dkt. #1 and Dkt. #67, Exs. A and B. Plaintiff does not dispute these facts. Instead, she argues that even if she was ultimately reimbursed by her employer, she was still injured because she temporarily lost the use of her credit (in the amount she paid for her hotel room) while waiting for reimbursement. Dkt. #69 at 19-23. However, Plaintiff provides no evidence that during the ten days she was without use of that credit, she was damaged in any way. Moreover, she alleges no continuing harm from the single transaction in which she engaged with Travelscape, LLC. As a result, the Court concludes that Plaintiff has failed to satisfy her burden of establishing the existence of an actual injury at the time this action was brought. *See Noonan LLC v. Sempris, LLC*, 2013 U.S. Dist. LEXIS 146378, *6-7 (W.D. Wash. Oct. 9, 2013) (citing *Stanford v. Home Depot USA, Inc.*, 358 Fed. App'x 816, 818-19 (9th Cir. 2009).

ORDER
PAGE - 5

As for Plaintiff's claims for injunctive and declaratory relief, Plaintiff again has not established that she has suffered a concrete injury or that there is a strong likelihood that she is likely to be wronged in the same manner again. See *Lyons*, 461 U.S. at 111. In fact, while Plaintiff states that she intends to continue to use internet travel sites to book hotels in the foreseeable future, including Defendants' sites, Plaintiff has now received full notice regarding the terms and conditions of Travelscape's bundled tax and service fees, and will not likely suffer the harm she has alleged in her Amended Complaint. *See Noonan*, *supra*, at *7-8 (citations omitted). Because Plaintiff does not have an ongoing relationship with Defendants and there is no realistic threat of future harm in the absence of injunctive relief, Plaintiff lacks standing to pursue prospective relief. *Id.*

Having determined that Plaintiff has no cognizable claim for relief, the Court also finds that she cannot represent a class of others who may have a claim against Defendants based on its bundling practices. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that Defendants' Motion to Dismiss (Dkt. #65) is GRANTED. Plaintiff's claims are dismissed in their entirety and this matter is now CLOSED.

DATED this 26 day of August 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE